UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL CHENAIL,
an individual

    Plaintiff,

vs.

THE LODGE AT KENNEBUNK, LLC,

    Defendant.
_____/

CASE NO:

INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiff, Michael Chenail ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues The Lodge at Kennebunk, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the District of Maine pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Maine.

3. Plaintiff, Michael Chenail (hereinafter referred to as "Chenail") is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. Chenail suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffered a

spinal cord injury that resulted in paralysis and requires the use of a wheelchair for mobility. Chenail visits the Kennebunk, Maine area to visit with his father frequently and visits at least on an annual basis. Prior to instituting the instant action, Chenail visited the Defendant's premises at issue in this matter in the Summer of 2014 and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 11 of this Complaint which Plaintiff personally encountered. Chenail continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, The Lodge at Kennebunk, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Maine. Upon information and belief, The Lodge at Kennebunk, LLC (hereinafter referred to as "The Lodge at Kennebunk") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the The Lodge at Kennebunk located at 95 Alewie Road, Route 35 in Kennebunk, Maine (hereinafter referred to as the "Lodge").

5. All events giving rise to this lawsuit occurred in the District of Maine.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Lodge owned and/or operated by The Lodge at Kennebunk is a place of public accommodation in that it is a lodge that is owned and operated by a private entity and that provides goods and services to the public.

8. Defendant, The Lodge at Kennebunk has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Lodge in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Lodge owned and/or operated by The Lodge at Kennebunk. Prior to the filing of this lawsuit, Plaintiff visited the Lodge at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Lodge, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Lodge in violation of the ADA. Chenail has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

11. The Lodge at Kennebunk is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i) There are no accessible parking spaces located near the office;

    (ii) An accessible route is not provided into the office due to a transition that is too steep for a wheelchair user to traverse;

    (iii) Some of the parking spaces designated as accessible lack adjacent access aisles;

(iv)   Van accessible parking is not provided;

(v)   The above ground signage located on the wall in front of the space did not maintain the penalty information of $200 as required by the state.

(vi)   The accessible path of travel onto the sidewalk from the parking area maintains a gap greater than ¾-inch and a vertical transition measuring greater than ½-inch;

(vii)   The entrance to the accessible guest room contains knob hardware that requires grasping, pinching and twisting of the wrist to operate;

(viii)   Doors within the accessible guest room contain knob hardware that require grasping, pinching and twisting of the wrist to operate;

(ix)   The desk provided within the accessible guest room does not provide sufficient knee clearance for a wheelchair user;

(x)   Many of the amenities located within the accessible guest room (such as electrical outlets, microwave, refrigerator, tv controls, thermostat, dispensers, etc.) are located out of reach range for a wheelchair user;

(xi)   Due to a narrow passage way in the bathroom, the large walk-in closet could not be accessed via wheelchair;

(xii)   The water closet located in the accessible guest room bathroom is too far from the sidewall;

(xiii)   Access to the water closet in the accessible guest room bathroom is hindered by the attached railing system;

(xiv)   Accessible grab bars are not provided at the water closet in the accessible guest room bathroom;

(xv)   The roll-in shower maintains a vertical transition measuring more than 4 inches in height;

(xvi)   A fixed shower bench is not provided in the roll-in shower;

(xvii)   Grab bars are not provided within the roll-in shower;

(xviii)   A handheld shower unit is not provided within the roll-in shower;

(xix)   The towel rack and towel bar are mounted out of reach range for a wheelchair user;

(xx)   Sufficient knee clearance is not provided at the lavatory provided in the guest room bathroom;

(xxi)   Lavatory pipes underneath the lavatory is not insulated;

  (xxii)  Upon information and belief, a sufficient number of accessible guest rooms is not provided.

12. There are other current barriers to access and violations of the ADA at the Lodge owned and operated by The Lodge at Kennebunk which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, The Lodge at Kennebunk was required to make its Lodge, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, The Lodge at Kennebunk has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by The Lodge at Kennebunk pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against The Lodge at Kennebunk, LLC and requests the following injunctive and declaratory relief:

  A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 9th day of February 2015.

Respectfully submitted,

By: /s/ Michael A. Chester
Michael A. Chester, Esq.
Alabama Bar No.: ASB-3904-L74C
*Proposed Pro Hac Vice Counsel*

OF COUNSEL:
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:   (205) 822-2702
Email: ezwilling@szalaw.com

By: /s/ Lynne A. Williams
Lynne A. Williams, Esq.
Maine Bar No.: 9267
*Local Counsel*

OF COUNSEL:
13 Albert Meadow
Bar Harbor, ME 04609
Telephone: 207-266-6327
Email: lwilliamslaw@earthlink.net